997 So.2d 441 (2008)
Daniel Lamar WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-2346.
District Court of Appeal of Florida, First District.
December 2, 2008.
Rehearing Denied January 6, 2009.
*442 Daniel Lamar Williams, pro se, Appellant.
Bill McCollum, Attorney General, and Michael T. Kennett, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Daniel Lamar Williams, challenges the trial court's order summarily denying his claim that trial counsel was ineffective for failing to timely and properly object when the State's expert witness read from a medical publication during direct examination. Because the record does not conclusively refute Appellant's claim that he was prejudiced by trial counsel's deficiency in failing to make a timely and specific objection, we reverse and remand.
On Appellant's direct appeal, we determined that had trial counsel raised a timely and specific objection to the expert witness reading from a medical publication during direct examination, the trial court would have erred in overruling the objection. See Williams v. State, 935 So.2d 638, 638 (Fla. 1st DCA 2006). Thereafter, in Williams v. State, 970 So.2d 881, 881 (Fla. 1st DCA 2007), we reversed in part the order summarily denying Appellant's claim that trial counsel was ineffective for failing to make such an objection, determining that the trial court failed to attach portions of the record to support its finding that Appellant was not prejudiced by counsel's failure to object. On remand, the trial court again denied Appellant's motion, finding that Appellant failed to establish that trial counsel's actions fell below the professional standard expected and that the results of the trial would have been different but for counsel's actions. This appeal followed.
The trial court's finding that counsel's actions did not fall below the professional standard expected is in conflict with our determination in Williams, 935 So.2d at 638, that the trial court would have erred in allowing the expert witness to read from a publication during direct examination had counsel timely and specifically objected to such. See State v. McBride, 848 So.2d 287, 289-90 (Fla.2003) (noting that the law of the case doctrine requires that questions of law decided on appeal must govern the case in the same court and the trial court through all subsequent stages of the proceedings). Given our determination on direct appeal, the only focus on remand from Appellant's initial postconviction relief appeal should have been whether he was prejudiced by counsel's deficiency. Although the trial court found that Appellant failed to establish prejudice, it did not attach portions of the record that conclusively refuted Appellant's claim of prejudice.
Accordingly, we REVERSE the trial court's order and REMAND with instructions either to attach portions of the record conclusively refuting Appellant's claim of prejudice or to hold an evidentiary hearing.
WEBSTER, DAVIS, and HAWKES, JJ., concur.